Ernest Herrera (pro hac vice)
Leticia Saucedo (pro hac vice)
Luis Lozada (pro hac vice)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
eherrera@maldef.org
lsaucedo@maldef.org
llozada@maldef.org

F. Travis Buchanan, Esq.
NV Bar No. 9371
The Cochran Firm – Las Vegas
701 E. Bridger, Suite 540
Las Vegas, NV 89101
Telephone: (702) 331-5478
Facsimile: (702) 629-6919
FtbLaw@gmail.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA INES MOYA GARAY, JUAN JAIME LOPEZ-JIMENEZ, and ARRIBA LAS VEGAS WORKER CENTER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LAS VEGAS, a municipality; MICHELE FREEMAN, in her official capacity as City of Las Vegas Chief of Department of Public Safety; BANANTO SMITH, in his individual capacity and official capacity as Deputy Chief of Detention Services;<br><br>Defendants. | Case No. 2:20-cv-00119-GMN-EJY<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Arriba Las Vegas Worker Center, Alicia Moya-Garay, and Juan Lopez-Jimenez (hereinafter, "Plaintiffs") file this reply in support of their motion to strike [dkt. no. 79] and respectfully request that the Court strike the "Counter-Motion for Summary Judgment" (the "Counter-Motion") [dkt. no. 78] filed by Defendants City of Las Vegas, the Chief of the City of Las Vegas Department of Public Safety, and the Deputy Chief of Las Vegas Department of Public Safety Detention Services (hereinafter, "Defendants"). On the basis of Defendants' own admission, the Counter-Motion represents a dispositive motion. Because Defendants' Counter-Motion is an unauthorized and untimely dispositive motion filed after the deadline for dispositive motions had expired, the Court should strike the Counter-Motion.

## BACKGROUND

On October 14, 2021, the Court entered an order extending the deadline to file all dispositive motions to January 24, 2022 (the "Scheduling Order"). Dkt. No. 68.

On January 24, 2022, Plaintiffs filed their "Corrected Motion for Summary Judgment" (the "Summary Judgment Motion"). Dkt. 72. On February 15, 2022, the Court entered an order extending the deadline for Defendants to file a response to the Summary Judgment Motion to February 22, 2022. Dkt. No. 75.

On February 22, 2022, Defendants filed an "Opposition to Plaintiffs' Corrected Motion for Summary Judgment, Counter-Motion for Summary Judgment and Counter-Motion to Dismiss." Dkt. No. 76. On February 23, 2022, the Clerk's Office for the District of Nevada generated an automatic email notifying Defendants that their pleading was improperly filed pursuant to Local Rule IC 2-2(b). Dkt. No. 77.

On February 28, 2022, Defendants filed the Counter-Motion. Dkt. No. 78. In the

Counter-Motion, Defendants request that the Court enter summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1.

On March 1, 2022, Plaintiffs filed their "Motion to Strike Defendants' Counter-Motion for Summary Judgment" (the "Motion to Strike"). Dkt. No. 79. In the Motion to Strike, Plaintiffs argue that Defendants' Counter-Motion represents a dispositive motion for summary judgment guised as a response to Plaintiffs' Summary Judgment Motion. Plaintiffs also assert that the Counter-Motion was filed as an attempt to circumvent the Court's Scheduling Order, and the January 24, 2022 deadline to file all dispositive motions.

On March 15, 2022, Defendants filed a response to the Motion to Strike (the "Response"). Dkt. No. 85. In the Response, Defendants request that the Court deny the Motion to Strike because the "material facts in this case are undisputed" and "render a decision on the parties' pending dispositive motions." *Id.* at 3.

## ARGUMENT

The Court should strike Defendants' Counter-Motion as an unauthorized pleading, in violation of the Court's Scheduling Order, Federal Rules of Civil Procedure, and Local Rules. In the Response, Defendants admit that their Counter-Motion represents a dispositive motion for summary judgment, not a response to Plaintiffs' Summary Judgment Motion. *See* Dkt. No. 85 at 3 (The Court should "render a decision on the parties' pending dispositive motions which resolves the matter in full."). Defendants further admit that the material facts in this case are not in dispute.

Despite the extended deadline to file all dispositive motions, Defendants failed to file any dispositive motion by the deadline of January 24, 2022. Instead, Defendants were granted an extension to file a response to Plaintiffs' Summary Judgment Motion. Defendants ultimately filed the Counter-Motion on February 28, 2022. By Defendants' own admission, the Counter-

Motion represents a dispositive motion. Defendants have not requested leave of the Court to file the Counter-Motion as a motion for summary judgment. Furthermore, in the Response, Defendants ignore the fact that the deadline to file all dispositive motions expired on January 24, 2022 and provide no justification for the untimely filing; nevertheless, Defendants request that the Court consider the Counter-Motion and enter summary judgment in its favor. *See* Dkt. No. 79 at 3 ("The material facts in this case are undisputed . . . The City of Las Vegas believes that judicial economy dictates that the matter be fully decided as a matter of summary judgment by the Court."). Defendants have not provided an explanation for why the Court should consider their unauthorized pleading contrary to the Court's Scheduling Order.

Notwithstanding the untimeliness of Defendants' dispositive motion, Defendants should not gain an unfair advantage in this action by ignoring and circumventing the deadlines set forth in the Court's Scheduling Order to the detriment of Plaintiffs. Specifically, Defendants filed a dispositive motion for summary judgment one-month after the deadline for dispositive motions had expired and after Plaintiffs had filed their Summary Judgment Motion.

For the reasons stated above, the Counter-Motion represents a dispositive motion, and Plaintiffs therefore respectfully request that the Court strike the Counter-Motion because it is unauthorized and untimely under the Court's Scheduling Order.

## CONCLUSION

Plaintiffs respectfully request that the Court strike Defendants' Counter-Motion, disregard all papers filed in connection with it, and refuse to consider any matter raised in the Counter-Motion. If the requested relief is not granted, in the alternative, Plaintiffs respectfully request that the Court consider Defendants' counter-motion for summary judgment only as a response in opposition to Plaintiffs' Summary Judgment Motion, without the possibility of summary judgment for Defendants

Dated: March 18, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

By: /s/ Luis Lozada
Ernest Herrera
Leticia Saucedo
Luis Lozada
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring St., 11th floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

F. Travis Buchanan, Esq.
NV Bar No. 9371
The Cochran Firm – Las Vegas
701 E. Bridger, Suite 540
Las Vegas, NV 89101
Telephone: (702) 331-5478
Facsimile: (702) 629-6919

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that service of the foregoing *Plaintiffs' Reply in Support of Motion to Strike Defendants' Counter-Motion for Summary Judgment* was made on this 18th day of March 2022, by electronic mail upon all counsel of record.

Dated: March 18, 2022

                                 /s/ *Luis Lozada*
                                 Luis Lozada