1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA INES MOYA GARAY, JUAN JAIME LOPEZ-JIMENEZ, and ARRIBA LAS VEGAS WORKER CENTER, | Case No. 2:20-cv-119-ART-EJY |
| | ORDER |
| Plaintiffs, | |
| v. | |
| CITY OF LAS VEGAS, a municipality; MICHELE FREEMAN, in her official capacity as City of Las Vegas Chief of Department of Public Safety; BANANTO SMITH, in his individual capacity and official capacity as Deputy Chief of Detention Services, | |
| Respondents. | |

## I.  SUMMARY

Before the Court are a Motion for Summary Judgment (ECF No. 71), Amended Motion for Summary Judgment (ECF No. 72), and Motion to Strike (ECF No. 79) filed by Plaintiffs Arriba Las Vegas Worker Center, Alicia Ines Moya Garay, and Juan Jaime Lopez-Jimenez (collectively, "Plaintiffs"). Also before the Court is the subject of Plaintiffs' Motion to Strike, a Counter-Motion for Summary Judgment filed by Defendants City of Las Vegas, Michele Freeman, and Bananto Smith (collectively, "Defendants"). For the reasons explained below, the Court holds *sua sponte* that United States Immigration and Customs Enforcement ("ICE") is a required party under Federal Rule of Civil Procedure 19 and dismisses the outstanding motions without prejudice.

## II. BACKGROUND

This action arises from the detention and transfer to ICE custody of Plaintiffs Garay and Lopez-Jimenez by Las Vegas Department of Public Safety (LVDPS)

after Garay and Lopez-Jimenez were lawfully arrested. (ECF No. 44 at 6, 7). Plaintiffs bring three claims against Defendants: 1) unlawful seizure in violation of the Fourth Amendment under 42 U.S.C. § 1983; 2) unlawful denial of bail in violation of the Fourteenth Amendment's Due Process Clause; and 3) false imprisonment in violation of Nevada law. (ECF No. 44 at 11, 12, 14). These claims turn on the application of *Gerstein v. Pugh,* 420 U.S. 103, 125 (1975), which recognized the right of individuals to a neutral determination of probable cause, to the detention of individuals in local jails based on an ICE detainer. The Ninth Circuit has held that *Gerstein* applies to ICE detention. *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 824 (9th Cir. 2020). This case concerns what, if anything, local jail officials must do to ensure that their detention of an individual based on an ICE detainer complies with the Fourth Amendment.

Both Garay and Lopez-Jimenez were lawfully arrested by local authorities for criminal offenses, interviewed by ICE agents, and detained by Defendants based on an ICE detainer and administrative warrant. Plaintiffs do not challenge their initial detention at the city jail, but assert that their continued or "second detention" based on the ICE detainer violates the Fourth Amendment. While in custody on local charges, both Garay and Lopez-Jimenez were interviewed by ICE agents—Garay in person and Lopez-Jimenez by phone—and each admitted they did not have lawful status in the United States. (*Id.* at 6, 8). ICE then sent an immigration detainer (Form I-247A) and an administrative warrant (Form I-200) to the jail, and the documents were placed in Plaintiffs' respective files. When Plaintiffs were each due to be released, the jail instead turned them over to ICE. Due to the ICE hold, Garay and Lopez-Jimenez were held for 24 and 10 hours longer than their city sentences required.

Plaintiffs allege that when Garay and Lopez-Jimenez were detained LVDPS' policy was to hold individuals for up to 48 hours past the time where they would otherwise be released to the streets. (ECF No. 44 ¶ 18). The purpose of this 48-

hour extension was to give ICE time to take individuals subject to an ICE detainer into ICE custody. (*Id.*). Defendants claim that in light of an informal policy change they still detain individuals based on an ICE detainer and administrative warrant but no longer hold detainees after the end of their "city time." Rather, Defendants assert that under current policy, individuals who are subject to an ICE detainer are released to the streets at the end of their "city time" if ICE does not take custody. (ECF No. 78 at 2, 18).

Plaintiffs assert that their "second detention" based on the ICE detainer violates the Fourth Amendment because it is not supported by a neutral determination of probable cause. (ECF No. 72 at 15:16-18).[1] *Gerstein* recognizes that if a neutral determination of probable cause does not occur before arrest, based on a valid warrant, it must occur promptly after arrest, usually within 48 hours. *Gerstein,* 420 U.S. at 125; and *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991) (holding that *Gerstein* hearing must be provided within a reasonable time after arrest, usually 48 hours). The parties agree that detaining individuals past the end of their "city time" constitutes a "second detention" requiring a neutral probable cause determination. (ECF No. 78 at 8; ECF No. 87 at 10). Plaintiffs argue that administrative warrants and detainers from ICE do not satisfy this requirement because (1) they are issued in excess of ICE's statutory authority to detain individuals; (2) they lack particularized facts supporting probable cause; and, most importantly, (3) neither ICE nor LVDPS performs or facilitates a neutral probable cause determination to support the "second

---

[1] Plaintiffs' other claims are derivative of the alleged Fourth Amendment violation. Plaintiffs' false imprisonment claim depends on detention without probable cause. (ECF No. 44 at 14:9-11). And, as Plaintiffs admitted at oral argument, Plaintiffs' Fourteenth Amendment claim derives from LVDPS and others discouraging Plaintiffs' family members to post bail due to the ICE detainer and administrative warrant. Plaintiffs do not challenge such discouragement related to other types of detainers but do so here because Plaintiffs allege the detainers do not convey probable cause. (ECF No. 44 at 13; ECF No. 92).

detention." (Jan. 31, 2023 Hearing, ECF No. 92). Defendants confirm that they have no process for doing a probable cause determination or validating the probable cause determination made by ICE. (ECF No. 92). Defendants speculate that ICE complies with *Gerstein* after individuals have been physically transferred to ICE custody. (ECF No. 92). But, Defendants argue, there is no way to know what ICE's practices are because Plaintiffs have chosen not to make ICE a party to this litigation. (ECF No. 78 at 3-8).

This brings the Court to the issue of joinder. While the parties debate the timeliness of Defendants' argument that ICE is a required party under Rule 19, a court may *sua sponte* consider whether a party is required under Rule 19 and this Court does so here. *See Rep. of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008) ("A court with proper jurisdiction may also consider *sua sponte* the absence of a required person and dismiss for failure to join."); *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984) ("The issue is sufficiently important that it can be raised at any stage of the proceedings—even *sua sponte*.").

ICE looms large in the parties' arguments. Plaintiffs argue that ICE detainers are legally invalid and deficient. Defendants argue that they need not perform an independent probable cause analysis, and that their policy, which only authorizes holds for 48 hours or less past the end of "city time," does not violate the Fourth Amendment. Neither party can speak to what procedures, if any, ICE follows to comply with the Fourth Amendment. For the reasons explained below, this Court holds that ICE is a required party to this litigation because its legal interests are implicated by both Plaintiffs' and Defendants' arguments.

## III.        RULE 19 ANALYSIS

Courts perform a three-part inquiry when considering whether a party is required under Federal Rule of Civil Procedure 19. *Klamath Irrigation Dist. V. United States Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022). First,

courts consider whether the absent party is required under Rule 19(a). *Id.* Second, courts determine whether joinder of that party is feasible. *Id.* Third, if joinder is infeasible the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* (quoting Fed. R. Civ. P. 19(b)). Here the Court holds that ICE is a required party under Rule 19(a)(1)(B)(i) because disposing of this action in ICE's absence may as a practical matter impair ICE's ability to protect its legal interests. Because joinder is feasible, this Court need not consider the third step of the analysis as outlined in *Klamath.* 48 F.4th at 943.

### A. Required Party

To determine whether ICE is a required party under Rule 19, this Court considers whether ICE has a legally protected interest in this action such that disposing of the action in ICE's absence would impair or impede ICE's ability to protect that interest. Under Rule 19's compulsory joinder analysis, a party is required and must be joined if either: "(1) the court cannot accord 'complete relief among existing parties' in the [Unnamed Party's] absence, or (2) proceeding with the suit in its absence will 'impair or impede' the [Unnamed Party's] ability to protect a claimed legal interest relating to the subject of the action, or 'leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.'" *Alto v. Black*, 738 F.3d 1111, 1125-26 (9th Cir. 2013) (citing Fed. R. Civ. P. 19(a)(1)(A)-(B); *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir.1992)).

### 1. ICE possesses a legally protected interest in the subject matter of this suit.

The legal validity and effect of ICE detainers and administrative warrants is at issue here. In determining whether ICE possesses a legally protected interest in the subject matter of this suit, the Court must "carefully … identify [ICE's] interest at stake." *Dine Citizens Against Ruining Our Env't v. Bureau of Indian*

*Affs.*, 932 F.3d 843, 852 (9th Cir. 2019) (quoting *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. V. California*, 547 F.3d 962, 973 (9th Cir. 2008)). The Court must undertake a practical, fact specific analysis in making this determination, but it is guided by categorical rules articulated by the Ninth Circuit. *See id.* at 852 (citing *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014); *Colusa*, 547 F.3d at 970). The interest must be "more than a financial stake." *Id.* (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)). But the interest "need not be 'property in the sense of the due process clause.'" *Colusa*, 547 F.3d at 970 (quoting *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002)). "A public entity has an interest in a lawsuit that could result in the invalidation or modification of one of its ordinances, rules, regulations, or practices." *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010) (citing *Davis v. United States*, 192 F.3d 951, 959 (10th Cir. 1999)).

Here, ICE has legally protected interests because Plaintiffs challenge the legal validity and effect of ICE detainers. Although Plaintiffs contend that they "do not seek to invalidate or modify ICE's policies regarding detainers" (ECF No. 87 at 6), Plaintiffs argue that ICE detainers are *ultra vires.* (ECF No. 72 at 19-23). Specifically, Plaintiffs contend that the Immigration and Nationality Act (INA) generally "only allows the collaboration between local law enforcement and federal immigration officials when individuals are in custody for controlled substance law violations. 8 USC § 1357(d)(3)." (ECF No. 72 at 19). Plaintiffs maintain that DHS exceeded its statutory authority by issuing a rule and policy authorizing detainers to be issued regardless of the underlying violation. (*Id.* at 20-21, citing 8 C.F.R. 287.7(a) and Policy Statement implementing 1357(d)); *see also* 8 U.S.C. § 1357(d) (entitled "Detainer of aliens for violation of controlled substance laws"). Because neither Garay's nor Lopez-Jimenez's arrests involved controlled substance violations, Plaintiffs argue that "LVDPS relied on detainers that are clearly invalid and *ultra vires.*" (ECF No. 72 at 21).

Plaintiffs also challenge the sufficiency of ICE detainer and administrative warrants. Specifically, Plaintiffs argue that the detainers and warrants lack particularity because they are based on the check-the-box forms without any individualized facts;[2] and maintain that Defendants have an independent obligation to conduct a probable cause analysis. The Ninth Circuit in *Gonzalez* did not address whether an ICE detainer alone or in combination with an administrative warrant satisfies the Fourth Amendment. *See Gonzalez*, 975 F.3d at 826 n.27 (noting that remand was appropriate in light of the Government having "changed its immigration detainer policy to require the issuance of an administrative warrant alongside any immigration detainer."). The legal effect of the detainer in combination with the warrant may determine or inform what additional steps, if any, Defendants must take to ensure that their seizure of the individual is lawful under the Fourth Amendment.

For the foregoing reasons, the Court holds that ICE has a legal interest in this action because Plaintiffs' challenge the legal validity and effect of ICE detainers and administrative warrants. Under Ninth Circuit precedent, public entities like ICE have an interest in a lawsuit concerning the legal validity and sufficiency of its authority, detainers, and warrants. *See Peabody*, 610 F.3d at 1082.[3]

**2. ICE's legal interests would be impaired in their absence.**

The Court examines whether the existing parties would adequately represent ICE's interests in this litigation. "If a legally protected interest exists, the court must further determine whether that interest will be *impaired or impeded* by the

---

[2] The detainer (Form I-247) and the administrative warrant (Form I-200) each include check boxes that ICE officials use to denote issuance of the relevant form. No particularized information about the individual in question is included on these forms beyond basic biographical data.

[3] As the *Gonzalez* litigation makes evident, and as Plaintiffs have recognized, ICE has also claimed a legal interest in whether its documents convey probable cause to detain individuals. (ECF No. 72 at 19:17-19) ("ICE has argued for years that it has the authority to detain individuals and to seek holds from local law enforcement agencies based on ICE's detainer authority.").

suit. Impairment may be minimized if the absent party is adequately represented in the suit." *Dine Citizens*, 932 F.3d 843 at 852 (quoting *Makah*, 910 F.2d at 558). Courts "consider three factors in determining whether an existing party adequately represents the interests of an absent party: (1) 'whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments'; (2) 'whether the party is capable of and willing to make such arguments'; and (3) 'whether the absent party would offer any necessary element to the proceedings that the present parties would neglect.'" *Klamath Irrigation Dist. V. United States Bureau of Reclamation*, 48 F.4th 934, 944 (9th Cir. 2022) (quoting *Dine Citizens*, 932 F.3d at 852).

Because they lack ICE's legal and policy interests and expertise, the current parties would not "undoubtedly" or as ably represent ICE's interests on the matters at issue here. Neither party here would "undoubtedly make all" of ICE's arguments. Defendants are only contesting whether *they* have an independent obligation to conduct a neutral probable cause analysis and are ill-suited to defend ICE detainers more broadly. *See Abel v. United States*, 362 U.S. 217, 230-34 (1960) (considering history of civil immigration detainers and administrative warrants in the United States). Neither party appears willing to make arguments on behalf of ICE. Defendants concede that they have no immigration expertise, can only speculate about ICE's practices and procedures, and are unaware of ICE's policies and procedures for determining probable cause both prior to issuing the detainer and administrative warrant and after ICE takes custody of an individual so detained. Defendants are not capable of making all the arguments ICE would likely make if it were joined to this litigation. ICE is uniquely positioned to defend the validity and legal effect of its detainers and would undoubtedly offer a "necessary element to the proceedings that the present parties would neglect." *Klamath*, 48 F.4th at 944.

For the foregoing reasons, the Court concludes that ICE is a required party

1  under Rule 19(a)(1)(B)(i).

2      **B. Feasibility of Joinder**

3      Because ICE is a required party, the Court next evaluates if joinder is feasible.

4  "If an absentee is a necessary party under Rule 19(a), the second stage is for the

5  court to determine whether it is feasible to order that the absentee be joined. Rule

6  19(a) sets forth three circumstances in which joinder is not feasible: when venue

7  is improper, when the absentee is not subject to personal jurisdiction, and when

8  joinder would destroy subject matter jurisdiction." *Peabody* 400 F.3d 774 at 779

9  (citing *Tick v. Cohen,* 787 F.2d 1490, 1493 (11th Cir.1986) (listing the three

10  factors that may make joinder unfeasible)).

11      As Plaintiffs admit, "Here, ICE can be joined to the present litigation because:

12  (1) venue is proper in the City of Las Vegas where the injuries took place; (2) ICE

13  is subject to personal jurisdiction under the State of Nevada; and (3) joining ICE

14  would not destroy subject matter jurisdiction. Therefore, it is feasible for ICE to

15  be joined as a party to this action." (ECF No. 87 at 9:4-9). This Court agrees and

16  finds joinder of ICE feasible in this action.

17      **IV. CONCLUSION**

18      Because Rule 19 obliges this Court to join a party found to be required, Fed.

19  R. Civ. P. 19(a)(2), IT IS ORDERED THAT United States Immigration and Customs

20  Enforcement is joined as a defendant to this action.

21      IT IS FURTHER ORDERED THAT Plaintiffs are ordered to properly name as a

22  defendant United States Immigration and Customs Enforcement ("ICE") (or

23  appropriate officials) and properly serve them within 90 days. Failure to join ICE

24  (or appropriate officials) will result in dismissal of this action without prejudice.

25      IT IS FURTHER ORDERD THAT Plaintiffs' Motion for Summary Judgment

26  (ECF No. 71), Amended Motion for Summary Judgment (ECF No. 72), and Motion

27  to Strike (ECF No. 79) are DENIED without prejudice.

28      IT IS FURTHER ORDERED THAT Defendants' Counter Motion for Summary

1   Judgment (ECF No. 78) is also DENIED without prejudice.

2

3

4        DATED THIS 7th day of March 2023.

5

6

7        _____

8        ANNE R. TRAUM
         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28